PROCTOR v. HOBART M. CABLE CO.

1. Evidence—Letters—Admissibility—Part of Series.
   Where defendant, on cross-examination of plaintiff, introduces several letters forming part of the correspondence between the parties relating to the matter in issue, plaintiff is properly allowed to introduce letters answering those introduced by defendant, and others of the series bearing upon the good faith of the claims made by defendant as to the matter in controversy.

2. Accord and Satisfaction—Part Payment—Effect.
   Where an employé claims damages for his discharge in violation of contract, and, in response to a request for salary due for a previous month, he is sent a check for unpaid salary up to the date of his discharge, the acceptance and use of such check does not constitute a satisfaction of his entire claim, there being no dispute as to the time paid for by the check.

3. Trial—Instructions—Requests—Necessity.
   It is the duty of counsel to correct apparent misapprehensions of the court as to counsel's contentions by appropriate requests, and where the requests presented may fairly be interpreted in accordance with the court's understanding of

counsel's position there is no error in refusing them, the subject thereof having been fairly presented in the general charge, in accordance with the court's understanding of the issues.

Error to Sanilac; Beach, J. Submitted May 1, 1906. (Docket No. 73.) Decided September 20, 1906.

Assumpsit by William H. Proctor against the Hobart M. Cable Company for breach of a contract of employment. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Phillips & Jenks*, for appellant.

*Avery & Walsh*, for appellee.

BLAIR, J. Plaintiff, a traveling salesman in the employ of defendant corporation, brought suit against it in justice's court, filing the following bill of particulars of his claim:

"Feb. 2, 1903.

| | | |
|---|---|---|
| To balance due on Dec. 1902 salary and expenses | $93 | 60 |
| To balance due for January, 1903, and as damages for breach of contract mentioned in declaration | 250 | 00 |
| Total | $343 | 60 |
| Credit by notes received from A. H. Becket | 135 | 00 |
| Balance | $208 | 60" |

Plaintiff recovered judgment before the justice, and on appeal in the circuit court. The case is before us upon writ of error prosecuted to correct alleged errors in receiving certain letters in evidence, in refusing requests to charge, and in charging the jury.

Plaintiff claimed that in August, 1902, he made a new agreement with defendant for increased salary, performance of which on his part was prevented later by his being wrongfully discharged by defendant. Defendant denied that any new agreement was made, and contended that

if such agreement was made, plaintiff's conduct was such as to warrant his discharge. On December 11, 1902, defendant wrote to plaintiff a letter containing the following expressions:

"For several months past we have missed your old-time enthusiasm and earnestness in our behalf, while we have not only increased your salary but have signified our willingness to have you retire from our employ and give you any assistance in our power. In return for our extreme kindness, approaching favoritism, we are receiving from you indifference approaching sullenness. * * * We hope with a new field and new associations, you will give to your work your old-time vigor and enthusiasm. At the end of your present route on the 20th instant, please report to our office at Chicago, prepared to make this your headquarters."

Plaintiff went to Chicago to confer with defendant's officers about this letter before completing his route. Plaintiff testified that the result of this meeting was that he agreed with Mr. Cable, president of defendant's company, to accept new territory, and that he was to be permitted to go home and visit his family till the end of the following week. Mr. Cable testified:

"He finally came in on the 22d of the month under the influence of liquor, very strongly so, and in a very obstreperous and boisterous way he told the officers of our company if we wanted anything more to do with him, his headquarters were at the Victoria Hotel, where he could be seen with his attorney. We had prepared a route for him, and asked him to take it, and give us the same good service that he had the first year he was in our employ. He refused to take the route, disobeyed our requests, and finally left our office, saying he had established headquarters at the Victoria Hotel; that he could be found there with his attorneys if we had anything more to say to him."

On December 26, 1902, defendant wrote the following letter to plaintiff:

"On Dec. 11th we advised you at Ludington, Michigan, to report to Chicago on the 20th of December after you

had completed the route which we had given you. You did not regard our request, but cutting out two important points, came here direct from Owosso, reaching here on the 19th. Your talk and conduct here was most deplorable, showing us conclusively what we have for a long time suspected, i. e., your entire lack of sympathy with us in our business and when in our office on December 22d, you openly and in a most offensive manner refused to be guided by our instructions and declared to us that if we wanted you, you could be found at your self appointed headquarters at the Victoria Hotel and that you would not comply with our wishes, then and at that instant your connection with this company ceased."

January 8th plaintiff wrote to defendant:

"On December 31st I wrote you, requesting you to send check for December salary. Have not heard from you. Unless I hear from you by return mail, I will place the matter in the hands of my attorneys at Chicago."

On January 9th defendant replied:

"Please find herewith our check for $158.44, settlement in full with you up to the time you left our employ, the night of December 22d. We deduct from your expense book your charge for December 23d, 24th and 25th, amounting to $21.05. Kindly sign the inclosed voucher, and return to us."

A number of letters, forming part of the correspondence between the parties, were introduced on cross-examination of the plaintiff by defendant's counsel, and some of the letters objected to were in answer to the letters put in by the defense. Others were competent as bearing upon the good faith of defendant's statement in the letter of December 11th that, "for several months we have missed your old-time enthusiasm," etc., and were being treated with sullen indifference. As parts of a series of letters relating to the period under consideration and covered by other letters, the letters were admissible. 3 Wigmore on Evidence, § 2104; 1 Greenleaf on Evidence (16th Ed.), § 201.

Assignment of error No. 7 is based upon the refusal of the court to direct a verdict for defendant for the reason

that plaintiff's conduct justified his discharge. There is no merit in this assignment. The facts were in dispute. If the jury believed plaintiff, the differences between the parties were harmonized, and a new arrangement of his territory made.

Assignment No. 9 is based upon the refusal of the court to give defendant's third request to charge, viz. :

" It is shown in this case that on the 9th day of January the plaintiff received a check from the defendant, stating the same to be in full for services. That he used said check, obtaining the money thereon. The receipt and use of the check under the circumstances and the contents of the letter which inclosed it would operate as a full satisfaction of the claim of the plaintiff and he cannot, therefore, maintain this action."

It appears from the letter of plaintiff and the reply of defendant that the check was only intended to cover the salary for December, about which there was no dispute. It would have been improper to give the instruction requested. *Detlaff* v. *Manufacturing Co.*, 144 Mich. 342.

Assignments 13 and 18 are based upon the refusal of the court to give defendant's seventh request, viz. :

" In no event in this case can the plaintiff recover more than his salary for the month of January, together with such balance as may be found due him for services during the month of December. This action was commenced on the 2d of February following, and the limit of recovery is the amount that there was due to plaintiff, if anything, at the time of the commencement of this action,"—

And the instruction to the jury given as follows :

" If you shall find that the plaintiff is entitled under the testimony, and under these instructions, to a verdict he will be entitled to the sum of $226.86, which includes the interest."

It is argued that even if the acceptance of the check was not a satisfaction of the entire claim, it was a discharge of the amount due on December 22d and that the amount due for the remaining nine days of December and

the month of January would be $204.43 instead of $226.86. There is force in this argument, and if the request was intended to, and did fairly, present this question, it might require a reversal of the judgment. But we think the court would have been justified in interpreting this request as meaning simply that the jury would not be warranted in awarding damages for salary accruing after the commencement of suit and, as so understood, the charge gave the substance of the request. Early in the charge, the court said:

"He, therefore, claims for the salary under the claimed agreement for the month of January and the balance of December salary *and some expenses*, the items are here and practically undisputed, if the plaintiff shall prevail in the case."

If defendant intended to claim by his request that the *expenses*, amounting to $21.05, were disputed and disposed of by the check, he should have corrected the evident misapprehension of his position on the part of the court. These are all of the assignments which, in our opinion, require discussion. The court submitted the opposing claims of the parties to the jury in a very clear, comprehensive, and impartial charge.

We find no prejudicial errors, and the judgment is affirmed.

McALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.