## SALON *v.* W. M. FINCK & CO.

1. APPEAL AND ERROR—INSTRUCTIONS—CONTRACT OF EMPLOYMENT.
   In action to recover damages under a contract of employment, charge of court to jury fairly submitted to it only the issues between the litigants based upon the pleadings and testimony produced in support thereof.

2. EVIDENCE—HEARSAY—CONTENTS OF LETTERS.
   In action under contract for performance of services, including the use of a sound car for advertising overalls manufactured by defendant, where court permitted testimony to establish the fact that a number of letters were received by latter relative to exhibitions plaintiff had staged, refusal to admit contents of such letters as proof of facts stated therein was not error as the contents of such letters was clearly hearsay.

3. SAME—HEARSAY—NEWSPAPER CLIPPINGS.

    In employee's action against employer, an overalls manufacturer, for services rendered in connection with advertising car, refusal to admit contents of newspaper clippings purporting to quote statements made by appellant as to how he had assisted in the construction of the car and the reception it had been accorded in various parts of the country because it was hearsay was not error.

4. SAME—LETTERS.

    In action to recover for services under an alleged contract with defendant manufacturer wherein plaintiff first introduced in evidence certain letters received by him from defendant which tended to support his claim, it was competent for defendant to introduce the remaining correspondence between the parties which tended to disprove such claims even though some letters appear to have been unanswered, some answered verbally and some by mere notation at bottom of defendant's letters but all seem to be related to matters and period under consideration.

5. SAME—HEARSAY—PREVIOUS DISCUSSIONS.

    In action for services rendered by plaintiff for defendant manufacturer in connection with use of trade-mark on sound car for advertising latter's products, testimony of latter's officers that the idea of using such means for advertising had been discussed years before plaintiff claimed to have evolved the idea but not as to any conversations had or heard upon such occasion was competent and material on plaintiff's claim that the idea of this type of advertising was his and that it was novel and was not hearsay.

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted April 7, 1942. (Docket No. 6, Calendar No. 41,748.) Decided June 10, 1942.

Action by Frank Salon against W. M. Finck & Company, a Michigan corporation, for value of services, salary and commissions and for damage to reputation. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Bloom & Bloom* (*Payne & Mellott*, of counsel), for plaintiff.

*Fildew & DeGree,* for defendant.

CHANDLER, C. J.  Appellant seeks to recover compensation for an advertising idea which he allegedly invented and which was used by defendant, for the creation of which he claims never to have been paid. He further seeks to recover on an alleged oral contract of employment for a year as he was discharged by defendant in midyear with but 30 days' notice.

Defendant is a manufacturer of overalls and sells its products to dealers in Michigan and other states. Since 1902 it has used the trade slogan, "They wear like a pig's nose." Pictures and other devices featuring a model pig have been its best-known trade mark.

Plaintiff was employed by defendant as a salesman on a commission basis from 1932 until August, 1938.  It is undisputed that in 1937 after various conversations with officials of the defendant company, he supervised and helped build a sound car, equipped with a loudspeaker device, at the back of which was a model pig, defendant paying all expense in connection therewith, the purpose being to advertise defendant's products by the loudspeakers and by reminding the public of defendant's trade mark, and the slogan, "They wear like a pig's nose."  Plaintiff claims he was the sole originator of the idea, but admits that defendant's officials made some helpful suggestions in order to bring the cost down.  Thereafter, plaintiff covered his territory with the advertising car, selling as before, and in addition using the amplifiers to announce in various factory districts the superiority of his employer's products.

Plaintiff's sales fell off, it being claimed by him that he had to devote so much time to advertising that he could not give sufficient time to selling. This was brought to the attention of defendant and

it gave him extra compensation when his commissions decreased. The additional compensation was at the rate of $175 per month, and defendant claims it was on a month-to-month basis, permitting it to terminate plaintiff's employment on 30-days' notice. This extra compensation is the basis of plaintiff's claim of a yearly contract at such a sum. The jury specifically found in answer to a special question submitted by defendant that plaintiff's employment was on a month-to-month basis.

The remaining claim, compensation for the advertising idea, is not based on a contract for a specific sum, but on conversations in which, according to plaintiff's testimony, the officials never mentioned a specific amount but always said in answer to his alleged continual demands, "We will see that you are well taken care of." The jury in answer to another special question found that plaintiff was paid additional compensation for his services in connection with the advertising car, and returned a verdict for defendant. Plaintiff then moved for a new trial which was denied by the trial court.

From the verdict and judgment entered thereon and the order denying the motion for a new trial, plaintiff appeals, alleging prejudicial instructions in the charge of the court to the jury and errors in the admission and exclusion of certain testimony to his prejudice.

Plaintiff proffered no requests to charge.

A most careful perusal of the charge of the court convinces us that it was eminently fair and in clear and explicit language submitted to the jury the issues between the litigants based upon their pleadings and the testimony produced in support thereof. In fact, the only error claimed by plaintiff relative to the charge in his statement of questions involved is that the court permitted the jury to consider

issues not involved and unsupported by any testimony. A review of the record discloses no basis for this claimed error. No issue not involved in the pleadings and testimony was injected into the case by the trial court by his charge.

The record is exceptionally lengthy and we think the issues of fact presented for the consideration of the jury are so clearly set forth in the special questions submitted at the request of defendant that we quote them in full. Also, to show how the jury viewed the conflicting testimony on the only questions of fact involved in this controversy, we quote their answers:

"1. Did W. M. Finck & Company purchase the advertising car and equipment in the summer of 1937 for the purpose of endeavoring to increase its volume of business in the territory which plaintiff was covering and any other territory where the advertising car might be used?

"Answer by Jury—Yes.

"2. Did the volume of business of W. M. Finck & Company in plaintiff's territory decrease while plaintiff was using the advertising car?

"Answer by Jury—Yes.

"3. During the period plaintiff was using the advertising car, did W. M. Finck & Company pay him more for his services than the company had paid him during any similar period?

"Answer by Jury—Yes.

"4. During the period plaintiff used the advertising car, was he paid additional compensation of $175 each month for his services in connection with said advertising car?

"Answer by Jury—Yes.

"5. Did W. M. Finck & Company agree on March 29, 1938, to employ plaintiff on a basis of an advance traveling check of $40 per week to apply against a commission of nine per cent., together with an

additional sum of $175 per month for driving the advertising car, such agreement to be subject to cancellation on 30-days' notice of (if) W. M. Finck & Company felt it was not working out satisfactorily?

"Answer by Jury—Yes."

It appears from the foregoing that the jury determined that the advertising value of the car was nothing, and that plaintiff had been paid in full for all services rendered by him to defendant, and that defendant did not breach any contract of hire when it discharged plaintiff on 30-days' notice.

Such finding by the jury, based upon the record before us, should not be disturbed unless the errors complained of are prejudicial.

Appellant claims error in the exclusion from evidence of the contents of certain letters which were received by defendant from various customers and dealers in the territory relative to the use of the sound car by plaintiff in their cities. He concedes that he requested the various dealers for whom he gave an exhibition with the advertising car to send their comments to defendant describing how they were impressed with this form of advertising and how it affected their business. The court permitted testimony to establish the fact that a number of letters were received by appellee from various customers for whom appellant had staged exhibitions, and the president of defendant testified that most of the comments were favorable. The court, however, refused to admit the contents of such letters in evidence as proof of the facts stated therein. There was no error in excluding this evidence. The content of these letters was clearly hearsay. To hold otherwise would result in an impossible situation. As applied to this case, it would leave its determination to be controlled by which

side could obtain the most letters from persons approving or disapproving of the use of sound cars as a method of advertising. See *Kolodig* v. *Highland Park State Bank,* 226 Mich. 197.

Appellant contends that the court erred in refusing to admit in evidence a newspaper clipping which purported to quote statements made by appellant as to how he had assisted in the construction of the advertising car and the reception it had been accorded in various parts of the country. What we said with reference to the exclusion of the letters is equally applicable here. The rule of law which excludes this type of hearsay evidence is well expressed in 22 C. J. p. 929.

The next claim of error relates to the admission in evidence of unanswered letters from appellee to appellant.

Appellant first introduced in evidence certain letters received by him from appellee tending to support his claim. We think it therefore became competent for appellee to introduce the remaining correspondence between the parties which tended to disprove such claims. True, as claimed by plaintiff, many of these letters were unanswered. However, some appear to have been answered verbally, and some by mere notation at the bottom of defendant's letters, but all were written during the period of plaintiff's employment and before the institution of this action and apparently before any trouble was contemplated by either party. All seem to be related to the matters and the period under consideration and although some seem to contain immaterial matter, we find nothing prejudicial to plaintiff. We hold that the admission of this evidence did not constitute error. See *Proctor* v. *Hobart M. Cable Co.,* 145 Mich. 503, as bearing upon the admissibility of this series of letters.

We have searched the record in vain to ascertain what, if any, foundation there is for appellant's next assignment of error based on the claim that the court permitted the introduction of hearsay evidence on the part of defendant.

Two of defendant's officials testified that the idea of using the company's trade-mark on a sound car had been discussed at the factory many years before appellant had been employed there, and that they were familiar with this type of advertising years before plaintiff claimed to have evolved the idea. The witnesses did not testify as to any conversations they had or heard upon this occasion. In fact they were not questioned in regard thereto.

This testimony falls far short of being hearsay and was both material and competent as combatting appellant's claim that the idea of this type of advertising was his and that it was novel. See *Behr v. Baker*, 255 Mich. 607.

No prejudicial error was committed by the trial court, and the denial of plaintiff's motion for a new trial was justified.

Judgment affirmed, with costs to appellee.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.