No. 10,093.

### GIBSON *v.* LACY.

PRACTICE.—*Supreme Court.*—The Supreme Court will not, on appeal, weigh conflicting evidence.

SAME.—*Evidence.*—In an action for work and labor, the defendant read in evidence a letter of the plaintiff to a third party, claiming pay from him for the work; the plaintiff then testified* that the letter was written at the dictation of the defendant, and it was not error to permit to be read in evidence the letter received in response, denying the third party's liability.

From the Shelby Circuit Court.

*B. F. Love, A. Major* and *S. Major*, for appellant.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney*, for appellee.

WOODS, C. J.—There is evidence tending fairly and fully to support the verdict, and, consequently, notwithstanding the apparent weight of the conflicting evidence, we can not say that the court erred in overruling the motion for a new trial, unless it be for the admission of improper evidence.   The

action was for services rendered by the appellee in the employment of the appellant.

The appellant was engaged in buying and shipping wheat at Boggstown, a station on the Cincinnati, Indianapolis, St. Louis and Chicago Railroad; and, during the time of his employment by the appellant, the appellee, at the request of the appellant, accepted the position of agent of the railroad company at that station, it being agreed that he should look to the appellant for his compensation for that service as well as for work done directly for the appellant. The appellant denied this agreement, and put in evidence a letter written by the appellee to the president of the railroad company of the following tenor:

"*Dear Sir:*—During the two years and nine months I was agent of the company at Boggstown there were about eleven months of the time I was not in the employ of Mr. Gibson. Will the company pay me for that time, or will I have to look to Mr. Gibson for my pay? You said you would pay me for a part of my time," etc.

The appellee testified that he wrote this letter at the instance and dictation of the appellant, and that he received in response a letter from the superintendent of the company, which, omitting address, date and signature, reads as follows:

"*Dear Sir:*—In reference to yours of 13th inst. to Mr. Ingalls, it is my understanding that you were in Mr. Gibson's employ during the time you were acting as agent. If you will bring or send me a statement showing your settlement with him, and when not in his service, I will see what we can do for your claim."

If, in fact, the first letter was written upon the dictation or at the instance of the appellant (and whether or not this was so was a question for the court below), there was no error in permitting the letter in response to be read.

Judgment affirmed.