LEON HOUDE *vs.* FRANK TOLMAN.

February 12, 1890.

Evidence—Party's Own Letters.—Certain evidence offered by the defendant *held* properly ruled out as immaterial and incompetent.

Plaintiff brought this action in the district court for Stearns county, alleging that the defendant, representing himself to be authorized to compromise a judgment for $326.07 against plaintiff, held by Fuller & Johnson, made an agreement with plaintiff that if plaintiff would transfer to Fuller & Johnson a judgment for $501.70, owned by him, against Hall & Lambert, they would satisfy their judgment against him; that plaintiff thereupon assigned his judgment to defendant, as agent for Fuller & Johnson; that defendant was not their agent nor authorized by them to make the agreement, and his action has been repudiated by them; that the judgment against Hall & Lambert, at the time of its assignment to defendant, was a valid second lien on real estate worth $1,500, subject only to the lien of a mortgage of $500 and interest. The complaint further alleges that immediately after the assignment the defendant caused the judgment against Hall & Lambert to be levied on the real estate, which was sold for $627.27, defendant being the purchaser, and the time for redeeming has expired without redemption; that more than a year after the execution sale the mortgage was foreclosed, and the property sold for $694.85; that neither Fuller & Johnson nor defendant ever redeemed from such sale, and the time for redemption has expired; that the judgment of Fuller & Johnson against plaintiff has never been satisfied, and remains a valid charge against him, and he has been damaged in the sum of $627.27, the amount for which the real estate was bid in by defendant at the execution sale, with interest from the date of the sale, for which sum judgment is demanded. The defendant in his answer alleged that the agreement made with plaintiff was that his judgment should be and it was assigned merely as collateral security for the Fuller & Johnson judgment, in consideration of a year's extension given plaintiff, and that

he was authorized by Fuller & Johnson to make such agreement, and that he acted merely as their agent in purchasing at the execution sale, and afterwards transferred to them all his title thereunder. At the trial, before *Baxter*, J., plaintiff had a verdict of $449.60. The defendant appeals from the judgment.

*Taylor, Calhoun & Rhodes,* for appellant.

*Reynolds & Stewart,* for respondent.

VANDERBURGH, J.[1] The issue in this case is whether a certain judgment owned by the plaintiff had been assigned by him, as he alleges, to the defendant, in satisfaction of another judgment against him controlled by the defendant, or merely as collateral security therefor. Plaintiff's testimony tended to prove his allegation that the assignment was absolute and in payment, and the defendant's evidence tended to prove that he took the assignment as security only. The defendant offered in evidence a letter written by himself, more than a year after the agreement referred to, tending to show that he then made the same claim, which letter was ruled out by the court, and this is the only error complained of. It purported to be in reply to a letter of plaintiff to defendant requesting a certificate of satisfaction of the judgment against himself, which was also put in evidence by the latter. The object of introducing in evidence the letter in question was to show that defendant did not admit the plaintiff's version of the agreement in respect to the purpose of the assignment to be true. But he was not entitled to introduce his own subsequent declarations, verbal or written, in evidence, unless the door was first opened for such evidence by the plaintiff. The latter not having introduced any part of the correspondence, the defendant could not make his part of it material by introducing the plaintiff's letter. It was no part of plaintiff's case, and the plaintiff had not testified to anything which made the evidence material or proper, either in rebuttal or for impeachment. He had admitted on his cross-examination that he had written some letters about the certificate of satisfaction, but had never got any satisfactory answer. But

[1] Collins, J., took no part in this case.

he claimed nothing from the correspondence, and there was nothing in it pertinent to the issue which rendered the letter in question material for any purpose.

Judgment affirmed.