STEVENS v. GILBERT et al.

(Supreme Court, Appellate Term. December 22, 1909.)

1. FALSE IMPRISONMENT (§ 15*)—ARREST WITHOUT WARRANT—SUFFICIENCY OF ORDER FOR ARREST.

An order, given by a pastor during a disturbance in church, to police officers to arrest all persons who might be pointed out to them by two trustees of the church, would not authorize the arrest of a disturber later in the day, after he had left the scene and when the disorder was at an end, so as to make the pastor guilty of false imprisonment, where he was not present at the arrest.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 46; Dec. Dig. § 15.*]

2. APPEAL AND ERROR (§ 1002*)—REVIEW—QUESTIONS OF FACT.

Where, in a suit for false imprisonment and malicious prosecution, the evidence was conflicting, the appellate court cannot disturb the verdict for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

3. APPEAL AND ERROR (§ 1005*)—REVIEW—NEW TRIAL.

Where, in a suit for false imprisonment and malicious prosecution, the evidence was conflicting, and the jury found for defendant, the overruling of plaintiff's motion for a new trial is no ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3864; Dec. Dig. § 1005.*]

4. EVIDENCE (§ 155*)—LETTERS—ADMISSIBILITY OF ANSWERS.

Where, in a suit for false imprisonment and malicious prosecution, plaintiff introduced a letter written by a third person to defendant, the answer of defendant to the third person is also admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 453; Dec. Dig. § 155.*]

5. ARREST (§ 63*)—NECESSITY OF WARRANT—MISDEMEANORS—TIME FOR ARREST.

Under Code Cr. Proc. § 177, authorizing a peace officer to arrest a person without a warrant for a crime committed or attempted in his presence, to authorize an arrest for a misdemeanor, the crime must have been committed in the officer's presence; but the arrest need not be made at the very time of its commission.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 147; Dec. Dig. § 63.*]

6. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING EVIDENCE.

A charge, which ignores part of the evidence on the issue to which the charge relates, is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from City Court of New York, Trial Term.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by General Grant Stevens against Matthew W. Gilbert and others. From a judgment for defendants, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Wilford H. Smith, for appellant.

Morton K. Averill, for respondents.

GIEGERICH, J. The action is for false imprisonment and malicious prosecution. The arrest and alleged prosecution which followed it arose out of an alleged disturbance of religious services conducted in the Mt. Olivet Baptist Church, in West Fifty-Third street, borough of Manhattan, New York City, on Sunday morning, February 2, 1908. At the time in question the defendant Gilbert was or claimed to be the pastor of said church, and the defendant Taylor was the president of the board of trustees, and the defendant Wood a member of the board of trustees of such church.

The defendant Gilbert had in November of the previous year tendered his resignation, which, if accepted, would have taken effect on February 1st following; but his resignation was not accepted. It appears that the plaintiff and those opposed to Dr. Gilbert attempted on the morning above mentioned to prevent the pastor from conducting the customary services by causing a disturbance and singing him down. The defendant Gilbert testified that the singing complained of was songs not on the regular order of worship and that he had never heard of before. He further testified:

"They were not all singing the same songs. Before one would get through, the other would start up another, to keep the music going. They did not stop singing when I raised my hand. They kept right on. The singing continued after the police arrived, even after the reserves got in."

It also appeared that the plaintiff urged persons to sing, notwithstanding the request of Dr. Gilbert that they cease doing so, and that when the arrest of one Wells, an alleged ringleader, was attempted by a police officer, the plaintiff tried to prevent his arrest, and in the disturbance which followed the plaintiff disappeared from the church. After a number of persons, who it was claimed had disturbed the religious meeting, had been arrested, and while they were in front of the lieutenant's desk in the police station, the plaintiff, who had gone there to go on the bail bond of one of the alleged participants, was arrested by a police officer on the complaint of the defendants Taylor and Woods, and then charged with the offense of having disturbed religious worship. The officer who made the arrest testified that the plaintiff stepped in front of the pulpit and urged the people to sing, notwithstanding the fact that the pastor, Dr. Gilbert, had "put up his hand to stop the singing," and that the defendant Taylor had told them to stop the singing. On the morning following his arrest the plaintiff was brought before a police magistrate on the charge above mentioned, and such charge was dismissed, and the plaintiff discharged. The plaintiff then brought this action against the defendants Gilbert, Taylor, and Wood.

The action for false imprisonment was dismissed as to the defendant Gilbert at the close of the plaintiff's case, and as the plaintiff testified that his arrest was ordered by the other defendants at the station house, and that the defendant Gilbert was not present at the time, the dismissal as to such defendant seems to have been proper. The orders of the defendant Gilbert to the police officers, given earlier in the day and while the disturbance was in progress, to arrest all persons who might be pointed out to them by the defendants Taylor and Wood, cannot be inferred to have authorized the arrest of the plaintiff later in the day, after he had left the scene of the disturbance and when the disorder was at an end.

The case as to the other defendants upon that cause of action, and as to all the defendants upon the cause of action for malicious prosecution, was left to the jury, and unless the exceptions in the record require a reversal the judgment and order must stand; for the evidence was conflicting, and the disposition of the motion for a new trial affords no ground for reversal.

The remarks of the magistrate, made at the time when the complaint against the plaintiff was heard and dismissed, were admitted in evidence over the objection of the plaintiff's counsel. They were, however, quite harmless in character, and, assuming them to have been incompetent, their admission does not justify the reversal of the judgment.

The plaintiff introduced in evidence a certain letter, written by third persons to the defendant Gilbert, and the defendants' counsel then offered the reply of the defendant Gilbert to that letter, and it was received under objection. As the letter was offered by the plaintiff, he had no right to object to the introduction of the reply made to it by the person to whom it was addressed.

The plaintiff requested the court to charge that, as the arrest was made without a warrant and for an alleged misdemeanor, it was unlawful, because not made by the officer at the time of the commission of the crime. The court charged that it was necessary that the misdemeanor should have been committed in the presence of the officer, but refused to charge that the arrest must be made at the very time of its commission. The charge was correct, and so was the refusal. Code Cr. Proc. § 177.

The plaintiff also requested a charge concerning the effect of the dismissal of the complaint in the magistrate's court, which embodied the proposition that the plaintiff's discharge in the criminal court was sufficient to justify the jury in finding against the defendants on the issue whether or not the plaintiff had committed the offense charged against him. The effect of such a charge would have been to leave out of account all the other evidence in the case on that point, and it would, of course, have been improper.

There seems to be no material error in the record, and the judgment and order must therefore be affirmed, with costs.

GOFF, J., concurs. LEHMAN, J., concurs in result.