## WILLY H. LAU CO. v. DARR.

(Supreme Court, Appellate Term.   May 27, 1912.)

1. Contracts (§ 322*)—Installation of Fixtures—Performance—Evidence —Sufficiency.

In an action for the contract price for installing lighting fixtures in buildings, testimony that "in a way" all the fixtures excepting certain brackets were put up was insufficient to show substantial performance of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804– 1808, 1815, 1816; Dec. Dig. § 322.*]

2. Contracts (§ 322*)—Performance—Burden of Proof.

In an action for the contract price for installing lighting fixtures, the burden was not on defendant to show nonperformance of plaintiff's contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804– 1808, 1815, 1816; Dec. Dig. § 322.*]

3. Evidence (§ 155*)—Letters—Admissibility.

Letters forming part of correspondence in evidence are improperly excluded, especially a letter answering one admitted in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 445–458, 2148; Dec. Dig. § 155.*]

Appeal from City Court of New York, Trial Term.

Action by the Willy H. Lau Company against George W. Darr. Judgment for plaintiff, and defendant appeals.   Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

John Larkin, of New York City, for appellant.

Kenneson, Emley & Rubino, of New York City (Jay Noble Emley, of New York City, of counsel), for respondent.

PAGE, J.   The defendant, through his architect, entered into an agreement whereby the plaintiff was to furnish and place in position the gas and electric fixtures for the defendant's residence, barn, and gardener's cottage at Greenwich, Conn., for the sum of $1,900.   Full size drawings and models of the fixtures were to be submitted for the approval of the architect before proceeding with the work.   The plaintiff is an Illinois corporation having its place of business in Chicago, where defendant's architect was also located.   The drawings and models were submitted to, and approved by, the architect, and the goods shipped.   But plaintiff failed to prove that the contract was either fully or substantially performed, in so far as installing the fixtures in defendant's building was concerned.   In his brief respondent's counsel takes the stand that the words "place in position" do not mean to install, and calls it a "false assumption," and a "preposterous contention throughout the trial," of appellant's counsel. When we turn to the plaintiff's complaint, we find the contract thus alleged, "Plaintiff agreed to furnish certain gas and electric fixtures

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and *install* the same," and, further, "that plaintiff thereafter and in pursuance of said agreement duly furnished and *completely installed* all of said fixtures above referred to, in accordance with the said agreement." Respondent should have read his own pleading before writing his wholly unjustifiable attack upon his adversary.

[1] Plaintiff employed a Mr. Fuller, an electrician of Greenwich, to do the work of installing these fixtures. Fuller was not called as a witness, nor was his deposition taken, nor his absence explained. No evidence was offered by plaintiff tending to prove that the fixtures were installed, except to read from the deposition of the defendant taken before trial this question and answer:

"Q. Outside of those six brackets, everything else was put up, was it not? A. In a way."

This is far from being sufficient to prove complete or substantial performance. The court deemed this sufficient to make out a prima facie case, and held that the burden rested upon the defendant to prove nonperformance, but, when the defendant was on the stand, sustained objections to his explaining his testimony before trial, or to his testifying to the exact conditions with respect to the installation of the fixtures.

[2] Several errors were committed in ruling upon the admission and exclusion of evidence and in the charge, referable to the erroneous theory that the burden rested upon the defendant to establish nonperformance. We do not deem it necessary to refer to them in detail, as a new trial must be had, and we do not believe that they would be repeated.

[3] The rejection of the letters written by defendant to plaintiff (Defendant's Exhibits F and G for identification) was error. Plaintiff had put in evidence several letters of the parties, and these were a part of the same correspondence, and purported on their face to be answers to letters in evidence and were therefore admissible. The rejection of Exhibit G was particularly prejudicial. Plaintiff had offered in evidence a letter written by plaintiff to defendant, which contained a detailed statement of plaintiff's contention. This letter, not answered, might afford the basis of an admission of the facts therein stated. Exhibit G was the defendant's answer to this letter, and should have been admitted.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.