JAMES ACKROYD & SONS, Respondent, *v.* FREDERICK F. PROCTOR, Appellant.

Third Department, July 2, 1917.

Contract — action to recover value of building materials — issue as to whether owner had right to complete building at contractor's expense — evidence — correspondence tending to show notice to contractor — evidence admissible under general denial.

Where, in an action to recover the value of building materials there is an issue as to whether the defendant, the owner of the building, was liable as for a *quantum meruit* for materials delivered by the contractor and

used by the defendant to complete the work, or whether by the terms of the contract the owner had acquired a right to use said materials to complete the building at the contractor's expense, after default by the latter, it was error for the court to exclude correspondence offered by the defendant to show that he had given the notice required by the contract to entitle him to complete the building at the contractor's expense. Especially is this so where the plaintiff has put in evidence part of the correspondence of the parties.

A party cannot select two or three letters from correspondence upon a certain subject, base an action upon them, and exclude the other letters in the correspondence relating to the same subject.

Such evidence was admissible under a general denial by the defendant, for he may controvert anything which the plaintiff is bound to prove in the first instance to make out a cause of action or anything he is permitted to prove for that purpose.

The plaintiff can only recover for goods sold and delivered upon the theory that the entire transaction between the parties shows a purchase and not a use of the material on the plaintiff's account.

APPEAL by the defendant, Frederick F. Proctor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 16th day of November, 1916, upon the verdict of a jury rendered by direction of the court.

*William F. S. Hart* [*John T. Norton* of counsel], for the appellant.

*Frederick E. Wadhams* [*Andrew J. Nellis* of counsel], for the respondent.

KELLOGG, P. J.:

This case is reported upon a former appeal in 173 Appellate Division, 413, where we reversed a judgment of nonsuit and directed a new trial. The plaintiff claimed upon the evidence that the defendant was liable upon a *quantum meruit*. The defendant claimed that the material was delivered on its premises for use pursuant to the contract between the parties, that the plaintiff had defaulted in performing the contract and that the defendant had used the material in performing the contract at the expense of the plaintiff. We held that in the absence of the notice provided for by the 5th article in the contract, which permitted the defendant to finish the job at the plaintiff's expense upon the conditions therein stated,

the defendant had no right to use the material on account of the plaintiff and, therefore, might be held liable on a *quantum meruit.*

. Upon this trial the court excluded the contract and the letters referred to in Mr. Justice COCHRANE's opinion upon the former appeal, except the letter from defendant's representative of August twenty-second, the plaintiff's letter of August twenty-seventh stating the value of the material, and the defendant's letter of October first, stating that there was roofing material left over upon the job and requesting the plaintiff to remove it as it was at its risk. The defendant offered to show that it did serve the notice under article 5 of the contract and used the material pursuant to that article of the contract. The court excluded this proposed evidence and the other correspondence upon the ground that it was not admissible under a general denial, and directed a verdict for the plaintiff. The opinion of the court on the former appeal states the other facts necessary to an understanding of the case.

The letter of August twenty-seventh, introduced by the plaintiff, shows that it is a reply to the letter written in the defendant's behalf of August twenty-sixth, which replied to the plaintiff's letter of August twenty-fifth. Clearly, those letters were necessary to an understanding of the letters which the plaintiff put in evidence. A party cannot select two or three letters from a correspondence upon a certain subject, base an action upon them and exclude the other letters in the correspondence relating to the same subject. All the correspondence between the parties, and the entire transaction between them, was necessary to be shown in order to determine whether or not the defendant did purchase of the plaintiff the material alleged. If the plaintiff was in default in its contract, the defendant clearly had the right, upon serving the notice and complying with article 5 of the contract, to use the material and complete the job at the plaintiff's expense, without incurring any liability on account of an alleged purchase of the material.

Under a general denial a defendant may controvert anything which the plaintiff is bound to prove in the first instance to make out a cause of action, or anything he is permitted

to prove for that purpose. (*Milbank* v. *Jones,* 141 N. Y. 340; *Avery* v. *Willson,* 81 id. 341.)

The plaintiff can only recover for goods sold and delivered upon the theory that the entire transaction between the parties shows a purchase and not a use of the material on the plaintiff's account. What the transaction was must be determined upon the contract, the entire correspondence and the facts in the case relating thereto.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.