LOUIS J. FRIEDMAN, Respondent, *v.* HARRY P. FRIEDMAN and Others, Trading under the Firm Name and Style of FRIEDMAN COMPANY, Defendants.

HARRY P. FRIEDMAN and MORRIS A. FRIEDMAN, Appellants.

First Department, April 17, 1919.

Pleading — action under contract of employment to recover balance due — sufficiency of separate defense — demurrer.

Where plaintiff alleges that he was employed by defendants at a weekly salary, that he was to receive a percentage of the net profits, that he has duly performed the contract on his part, and that the defendants have refused to pay a balance due him, a separate defense by the defendants, alleging that prior to the making of the contract the plaintiff feloniously took and converted merchandise which it was understood at the time of his employment might be charged against any extra compensation, is not demurrable for insufficiency, although the defendants may prove the facts alleged under their denials and possibly under a defense of payment.

APPEAL by the defendants, Harry P. Friedman and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of December, 1918, sustaining a demurrer to the third separate defense in the amended answer and dismissing said defense.

*Jacob H. Corn* of counsel [*Siegel, Corn & Siegel*, attorneys], for the appellants.

*Herman Glasser*, for the respondent.

LAUGHLIN, J.:

The demurrer was interposed on the ground that the defense so pleaded is insufficient in law.

The plaintiff alleges that on the 15th of November, 1914, he was employed by the defendants, who were engaged in business under the name of Friedman Company, as manager of their export department at a weekly salary, and in addition thereto ten per cent of the net profits; that the employment was to continue until the termination of the copartnership, and that this occurred on the 10th of January, 1917; that the plaintiff duly performed the contract on his part and that his interest in the profits amounted to $7,500, and that the defendants have paid $449.44 on account thereof but have refused to pay the balance although payment thereof has been duly demanded. The plaintiff demands judgment for said balance together with interest and costs. The appellants answered jointly admitting that during part of the period in question they were conducting business with the other defendant as copartners and admitting that the copartnership terminated at the time alleged and the payment of $449.44 to the plaintiff, but putting in issue the other material allegations of the complaint. For a first defense they pleaded payment; and for a second defense that the contract was not in writing or signed by the parties and was, therefore, void under the Statute of Frauds. For the third defense they allege that prior to the making of the contract, on which the action is based, the plaintiff feloniously took and carried away goods, wares and merchandise of the appellants of the value of upwards of $8,000 and converted the same to his own use, and subsequently confessed the commission of the larcenies and executed and delivered a promissory note for $400 to the appellant Morris A. Friedman in partial restitution for said larceny, and that the note was transferred to the appellants; that thereafter and on the fifteenth day of November, the plaintiff requested that the defendants employ him at a salary of $30 a week on the agreement and understanding that they might charge against any extra compensation or bonuses to which he might be entitled the balance of his liability to the appellants for said larcenies over and above the amount thereof for which the note was given, to wit, the sum of $7,600, and that he would make no claims against the defendants for bonuses or extra compensation until the amount thereof exceeded the sum of $7,600, and that he was employed

by the defendants on that understanding and agreement and that all services rendered and performed by him were rendered and performed by him pursuant to that agreement and not as alleged in the complaint, and that no further agreement for compensation to the extent of ten per cent of the net proceeds or otherwise was made between the parties excepting as set forth in the third defense.

Doubtless the appellants could prove the facts alleged in the third defense under their denials with respect to the contract being as alleged in the complaint (*Milbank* v. *Jones*, 141 N. Y. 340; *Feinstein* v. *Ritter*, 88 Misc. Rep. 559; *Ackroyd & Sons* v. *Proctor*, 179 App. Div. 402), and possibly they might be proved under the defense of payment; but that does not render these facts pleaded as a separate defense demurrable.   (*Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to withdraw the demurrer upon payment of said costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to withdraw demurrer on payment of said costs.