## B. J. MOONEY v. E. A. BURGESS.[1]

### May 16, 1919.

### No. 21,201.

**Appeal and error — harmless error — remarks of court not reviewable, when not excepted to.**

1. A letter, having little or no bearing upon the issue litigated, was received in evidence over defendant's objections. The letter was pertinent upon an immaterial issue tendered by the answer and concerning which plaintiff was cross-examined. Its admission, under the circumstances, should not be held reversible error. The remarks of the court, when ruling it admissible, are not subject to review, they not having been assigned as error in the motion for new trial.

[1]Reported in 162 N. W. 308.

**Same.**

2. There was no error in receiving in evidence a letter written by plaintiff to defendant immediately upon receiving from the latter a communication, introduced in evidence by defendant, purporting to confirm a prior verbal contract relating to the subject matter of the action.

**Charge to jury.**

3. The errors assigned upon parts of the charge relate either to verbal inaccuracies, which should have been called to the attention of the court before the jury retired, or else to matters upon which the law was correctly stated.

**Verdict sustained by evidence.**

4. The evidence supports the verdict.

Action in the district court for Pipestone county to recover $800 as commission for finding a purchaser for defendant's land. The facts are stated in the opinion. The case was tried before Dean, J., and a jury which returned a verdict for $830.80. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Morris Evans,* for appellant.

*C. T. Howard,* for respondent.

HOLT, J.

Plaintiff recovered a verdict and defendant appeals from the order denying a new trial.

Through plaintiff, defendant came in touch with one Mason, who desired to purchase defendant's farm, consisting of 400 acres. The parties fixed a price upon the farm of $24,000. Mason was to pay, in cash and the assumption of a mortgage then on the farm, $20,000, and deed defendant a house and lot at Trosky, Minnesota, valued at $4,000. A contract to that effect was made and signed by the parties. Plaintiff was to be paid for his work by defendant. So far the parties are in accord. The dispute is this: Plaintiff claims that defendant promised to pay him two dollars per acre, or $800; defendant contends that it was agreed that, as full compensation to plaintiff, defendant should deed plaintiff the house and lot obtained from Mason and at the same time plaintiff was to give defendant a note and mortgage for $3,100, payable, with interest, in one year. In other words, plaintiff was to receive as commis-

sion whatever equity there was in the house and lot above the mortgage of $3,100. And that this should not be received by plaintiff until the deal between defendant and Mason was fully consummated by the delivery of the deeds to the respective properties. The deeds had not passed at the time of trial, hence if defendant's version was true he should have the verdict.

There is little justification for the reception of a letter written by defendant to plaintiff three years prior to this deal, except because of the immaterial issue tendered in the answer by the allegation: "That prior to this incident (the deal with Mason) the plaintiff and defendant had had no communication or dealings whatsoever with reference to this land or any other land." When plaintiff was on the witness stand, defendant on cross-examination undertook to establish the truth of this allegation of the answer, and on redirect the letter was offered and received. The letter states: "My price on this land is $50 per acre and at this price I will pay $2.00 commission and will sell on easy terms. On a trade my price would depend on the nature of the trade." It is difficult to see where either side could be helped or hurt by this letter. We think defendant's pleading and cross-examination invited its admission, and he should not now be heard to complain. The remarks of the trial court when the letter was received cannot be assigned as error here, since no exception thereto was taken in the motion for a new trial. The exception at the trial to the admission of the evidence does not go to the remarks of the court.

Defendant testified that, after the contract for the sale of the farm to Mason had been drawn and signed, there was not time enough to put in writing the agreement between himself and plaintiff as to the latter's compensation before the train, on which defendant desired to return to his home, would start, and that he therefore promised, as soon as he reached Sioux City, to write plaintiff a letter confirming the verbal agreement made between them. In corroboration of his testimony he introduced Exhibit 5, a copy of the letter he wrote to plaintiff within a day or two of arriving in Sioux City. On receiving Exhibit 5, plaintiff immediately returned it with a letter, Exhibit E, denying that there was any agreement of the sort claimed in Exhibit 5, and stating that he was to have as commission two dollars per acre, which he expected soon to

receive. Error is assigned upon the reception of Exhibit E. The ruling was right. Had plaintiff failed promptly to deny that the agreement was as set out in Exhibit 5, his silence would have been taken as an admission of its correctness. He did deny it; and it was proper to prove the denial by the best evidence, viz., the letter itself. Furthermore, defendant first opened the door by introducing his letter to plaintiff. The case of Houde v. Tolman, 42 Minn. 522, 44 N. W. 879, cited by defendant, sustains the admissibility of the reply.

Error is assigned because in the charge the court said it appeared "in testimony that the plaintiff in this action is a real estate agent, buying and selling land on commission." Plaintiff claimed to be a real estate agent in the transaction in question. It was not disputed that he therein acted as such. Whether this was the first work in that line does not appear. His experience does not seem to have any bearing on the simple issue before the jury.

In stating the position of the parties the court said: "It is the further claim and contention of the plaintiff that when they parted at Trosky, when Mr. Burgess went home to Sioux City, that Mr. Burgess told plaintiff that he would send him his commission next day, which the presumption is that he was to send him the $800." The last clause is assailed as prejudicial. The language used may be somewhat ambiguous. But from plaintiff's viewpoint, the jury could scarcely infer anything else than that the commission and $800 meant one and the same thing. However, had attention been called to the ineptness of the language at the close of the charge, the court would undoubtedly have made plain the meaning. This holds true as to all the errors assigned upon the court's charge in this appeal. Mere verbal inaccuracies are unavailing as grounds for a new trial where no effort is made to correct them before the jury retires. 3 Dunnell, Minn. Dig. § 9798.

The instruction was clear and explicit that the burden of proof was upon the plaintiff to establish by a fair preponderance of evidence that he was to receive a commission of two dollars per acre. It follows that the jury must have understood that if he failed so to do, the verdict must be for defendant. Because of the defense claimed, it was certainly proper to also state to the jury that if the evidence showed an agreement for compensation as claimed by defendant their verdict should be in his

favor. The nature of the controversy here was such that a failure to find plaintiff's contention true, necessarily established defendant's. Both parties are in accord that an agreement was made. Plaintiff stated that he was to receive $800; defendant, that plaintiff was to receive the equity in a house and lot. Proving the truth of the one claim, established the falsity of the other. The jury were told that if they found that defendant testified to the agreement their verdict should simply be in his favor, for they were not called upon to return a verdict as to whether or not plaintiff should accept the house and execute a mortgage thereon. We see no error in the instruction. Plaintiff could have no relief or verdict in this action unless the jury found an agreement to pay two dollars per acre as commission, for, under the version of the agreement given by defendant, plaintiff was to receive nothing until the farm was deeded, and that had not occurred when the trial took place.

Some claim is made that the evidence does not support the verdict in that plaintiff testified he was to receive the commission for putting the "deal through." The evidence is undisputed that defendant and Mason executed a written contract. We think that concluded the deal between them so far as the agent's right to commission goes. In addition, both plaintiff and Mason testified that, after that contract was signed, defendant stated that as soon as he got back home he would send the commission to plaintiff. If this was true, it indicates that the commission was then earned and payable.

No other assignment of error requires notice.

Order affirmed.