NELLIE M. CALLAHAN *vs*. FRED E. ROBERTS.

Cumberland.    Opinion February 28, 1928.

*Nellie M. Callahan*, plaintiff pro se.
*John J. Devine*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

STURGIS, J.   Action of assumpsit to recover rent for use and occupation of a building in Chelsea, Mass., owned by the plaintiff. The relation of landlord and tenant is admitted, the parties having mutually executed a lease of the premises under date of October 1, 1924.

The account annexed stated an indebtedness for unpaid rents from April 1, 1925, to August 1, 1925, at the rate of $120 a month, the rental reserved in the lease. The verdict was for the plaintiff, and the case is before this Court on exceptions to the admission of copies of four letters and on a general motion for a new trial.

## EXCEPTIONS.

The defendant claims a surrender of the leasehold with the consent of the plaintiff. He says that after taking the lease he installed his brother in the premises and came to Maine to reside. The brother testifies that on or about April 1, 1925, he vacated the premises and delivered the key to the plaintiff at her request. The plaintiff stoutly denies this statement and insistently asserts that without her knowledge and consent, some-

time in May, 1925, the premises were vacated, and not until August 1st following was she able to relet the building.

In support of her claim the plaintiff introduced copies of four letters which she wrote to the defendant during the months following April, 1925. Exceptions were reserved to the admission of these copies on the ground that the contents of each were self-serving and immaterial.

The letters bear upon the question of the intent of the plaintiff in her dealings with the defendant and his brother who occupied the premises, and the probability that the plaintiff consented to a surrender of the leasehold. As such they cannot be rejected as immaterial.

The letters also appear to have been written in the general course of business and not specifically to manufacture evidence, and while they are in a measure self-serving, the contents of each are calculated to elicit a reply and denial if the assumption of the continuance of the tenancy indicated by the letters was in fact unfounded. Such letters are admissible. *Keeling Easter Co.* v. *Dunning & Co.*, 113 Maine, 34; *Ross* v. *Reynolds*, 112 Maine, 223.

## MOTION.

If as contended by the defendant the premises were abandoned early in April, 1925, and the key given up to the landlord, who in pursuance of such acts then went into actual possession and occupation of the premises, a finding that there was a surrender of the leasehold by operation of law would have been justified. *McCann* v. *Bass*, 117 Maine, 548; *Talbot et al* v. *Whipple*, 14 Allen (Mass.), 177.

The jury, however, evidently believed the plaintiff, who asserts that the keys to the building were never given up, and her only entry up to August 1, 1925, was to preserve the property and to prevent a partial destruction of the premises by the tenant's agents or employees. She charges an abandonment of the leasehold by the tenant sometime in May, 1925, and says that she resumed possession and relet the premises on her own account on August 1, 1925.

A tenant who abandons the occupancy of demised premises before the expiration of the lease, without the express or implied consent of the landlord or other legal justification, does not relieve himself thereby from payment of rent for the residue of the term. In case, however, the landlord, having resumed possession of the abandoned premises, relets them on his own account, it must be assumed that, as of the time of the reletting, he accepts a surrender and relieves the tenant from liability for future rent accruals. 16 R. C. L., 969, 971.

Upon a finding that the facts as stated by the plaintiff were supported by the weight of the evidence, an application of the foregoing rules justified the verdict rendered. No sufficient ground for a new trial appears in the record.

*Exceptions overruled.*
*Motion overruled.*