Hillsborough,
No. 5999.

### STATE *v.* BERNARD F. UNDERWOOD.

October 30, 1970.

*Warren B. Rudman,* Attorney General and *Thomas B. Wingate,* Assistant Attorney General ( by brief ), for the State.

*Thomas C. Troy* ( of Massachusetts ) and *Anthony A. McManus,* and *Bernard F. Underwood,* pro se ( by briefs ), for the defendant.

PER CURIAM. Defendant was convicted of armed robbery of the Zayre's department store in Manchester on June 1, 1968. The Trial Court, *Leahy,* C.J., reserved and transferred exceptions of the defendant to the denial of his motion for a bill of particulars, to certain rulings of the court during trial and to the denial of his motions for a directed verdict of acquittal or in the alternative a new trial.

Defendant was represented during the trial by counsel paid from funds furnished by the defendant or from sources on his behalf. After a brief had been filed in this court by trial counsel for the defendant, defendant wrote to the clerk of this court that his attorney's brief was " inadequate. " Defendant's counsel thereafter resigned at the request of the defendant who then claimed indigence and requested the court to appoint additional counsel to represent him in this appeal. We declined to appoint additional counsel and subsequently defendant filed pro se with the aid

of an "amicus" a "Suggestion of Error" in which he again requested new counsel.

The cases relied upon by the defendant, such as *Douglas* v. *California,* 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 ( 1963 ) and *Swenson* v. *Bosler,* 386 U.S. 258, 18 L. Ed. 2d 33, 87 S. Ct. 996 ( 1967 ) involved a refusal to provide any counsel for an indigent defendant's first appeal. *Anders* v. *California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 ( 1967 ) presented the situation of counsel informing the defendant and the court that defendant's appeal lacked merit. In the *Anders* situation the Supreme Court stated that it was incumbent upon counsel to file a brief referring to anything in the record that might arguably support the appeal. The indigent defendant might then raise any points he chose and if the court after a review of the record should determine that any of the legal points is arguable on its merits it should appoint counsel to argue it, but need not if it determines the appeal frivolous.

The situation here falls in neither the category of the *Douglas* case, *supra,* nor the *Anders* case. Here counsel for the defendant has filed an advocate's brief urging and arguing several claimed errors by the trial court. Defendant does not suggest any arguable points not raised by his counsel's brief and a review of the record by this court does not disclose any. Defendant's charge that counsel's brief is "inadequate" is a bald assertion of the "constantly increasing charge" ( *Anders* v. *California,* 386 U.S. at 745, 18 L. Ed. 2d at 499, 87 S. Ct. at 1400 ( 1967 ) ) of defendants that their counsel was ineffective based solely upon the fact that they were convicted. See for a recent extreme example *State* v. *Hines,* 263 A.2d 161 ( N.J. Super. 1970 ) where new counsel on appeal argued that trial counsel was ineffective and defendant filed pro se a brief claiming appeal counsel was ineffective. We reaffirm our refusal to appoint new counsel and proceed to a decision in the case as submitted on the briefs.

The defendant centers his argument that the verdict should be set aside as contrary to the weight of the evidence on the claim that the evidence identifying defendant as the robber was insufficient and contradictory. The robber was wearing a stocking mask during the robbery but was identified by several Zayre employees as the defendant. A recent experiment with stocking masks conducted during trial indicates that they are not always as effective in preventing identification as might be supposed.

*See State* v. *Monteiro,* 110 N.H. 95, 100, 261 A.2d 269, 273 ( 1970 ). In this case in addition to the above identification there was additional testimony that the defendant, following the robbery, was seen getting into a car in the area without a mask. This car was identified as belonging to his wife and defendant was seen placing in it a bag similar in appearance to the bag in which the robber had placed the robbery proceeds. Contradictions and inconsistencies in witnesses' testimony relied upon in defendant's brief were for the jury to resolve. *Wiggin* v. *Kent McCray Company,* 109 N.H. 342, 346, 252 A.2d 418, 422 ( 1969 ). Defendant's exception to the denial of his motion to set the verdict aside is overruled.

Defendant excepted to the refusal of the trial court to grant defendant's motion for a bill of particulars. While couched somewhat in the language of a motion for discovery the information sought was stated to be for the purpose of fully informing the defendant of the nature of the charge and to enable him to prepare an adequate defense. The indictments in this case fully answered this requirement and the motion was properly denied. *State* v. *Superior Court,* 106 N.H. 228, 208 A.2d 832 ( 1965 ).

Defendant excepted to the court's refusal to allow his counsel in his argument to the jury to conduct the experiment of wearing dark glasses. The allowance or refusal to permit such experiments is a matter of discretion for the trial court. ( *Healey* v. *Bartlett,* 73 N.H. 110, 59 A. 617 ( 1904 ); 23 C.J.S. Criminal Law *s.* 967 ( 1961 ); *see State* v. *Thorp,* 86 N.H. 501, 507, 171 A. 633, 638 ( 1934 ) ) and we find no abuse of discretion in the court's denial of permission to conduct the experiment.

The defendant excepted to the introduction in evidence through the Massachusetts custodian of a certified copy of defendant's wife's automobile registration. Since all relevant facts in the registration had been testified to by the custodian without objection, its admission if erroneous would have been harmless. *Clapp Co.* v. *McCleary,* 89 N.H. 65, 66, 192 A. 572, 573 ( 1937 ). In any event it was properly admitted under RSA 520:1 permitting introduction of " satisfactorily identified " reproductions of such records.

Defendant's objections to the court's charge now raised for the first time are without merit. The charge correctly stated the law and defendant's counsel indicated his satisfaction and waiver

of all exceptions to the charge. *State* v. *Davis,* 83 N.H. 435, 144 A. 124 ( 1928 ); Superior Court Rule 58.

An examination of the entire record discloses no error, and the order is

*Exceptions overruled.*