Grafton
No. 7563

STATE OF NEW HAMPSHIRE

v.

DELWOOD SMITH

January 31, 1977

*David H. Souter,* attorney general and *Richard B. Michaud,* attorney, by brief for the state.

Delwood Smith, by brief, pro se.

PER CURIAM. Defendant was convicted in a jury-waived trial for driving a motor vehicle while under the influence of intoxicating liquor, second offense, contrary to RSA 262-A:62 (Supp. 1975). Defendant's exceptions were transferred by *Johnson, J.*

Defendant contends that the arresting officer committed perjury during the trial and points to various places in the transcript where the officer stated "I don't recall," and where he made statements which were contrary to defendant's version of the facts. The various examples given by defendant involve facts unrelated to the merits of the case. Although some of the statements could be found to be erroneous, it was for the trial court to pass upon the credibility of the witnesses, to resolve conflicts, and to decide whether, with relation to the essential and relevant facts, the state had met its burden of proof. *State v. Underwood,* 110

N.H. 413, 415, 270 A.2d 599, 601 (1970). We cannot say that the evidence did not support the verdict.

█ Defendant further argues that he should be acquitted because he was not given the *Miranda* warnings, *Miranda v. Arizona,* 384 U.S. 436 (1966), until after he had been taken to the police station. He argues that he was deprived of his liberty when he was placed under arrest at the scene and was entitled to be given the warnings at that time. However, the *Miranda* warning requirement is a precondition to questioning only. Failure to comply results not in acquittal, but in exclusion of any statements obtained. Because no statements were obtained in response to questions between the time of arrest and the giving of the warnings, any failure to give the warnings earlier is irrelevant.

*Exceptions overruled.*